UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| JEFFERY T. CANADA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-73-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER HAYS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jeffery T. Canada is an inmate confined at the Luther Luckett Correctional Complex ("LLCC") in LaGrange, Kentucky. On November 7, 2011, Canada sent a letter addressed to "U.S. District Judge" in Frankfort, Kentucky. [Record No. 1] Canada writes that, on October 14, 2011, an Officer Hays "pinched me on my butt." [*Id.*, p. 1] He explains that the grievance he filed about the incident was rejected because it contained abusive or vulgar language, which he contends was used merely to explain what happened. Canada asserts that his allegations have not been investigated and that he fears retaliation or assault by prison staff, and requests that the Court investigate his claims. For administrative purposes, the Clerk of the Court has docketed this action as a civil rights complaint pursuant to 42 U.S.C. § 1983. However, the Court will dismiss this action, without prejudice, for the reasons explained below.

This action will be dismissed because Canada does not clearly express his intent to sue for the alleged violation of his civil rights. Instead, he asks the Court to investigate the matter, something that is outside the powers of the Court. And even if it were clear that Canada

intended his letter to serve as a complaint initiating a civil rights action, the Court would dismiss it based on improper venue. A complaint asserting civil rights claims must be filed in a judicial district in which: (1) at least one defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the claim occurred; or (3) any defendant resides, if no other district provides venue. 28 U.S.C. § 1391(b). Canada indicates that the relevant events occurred at LLCC, where he resides and Officer Hays works. LLCC is located in LaGrange, Kentucky, in Oldham County, which falls within the territorial jurisdiction of the Western District of Kentucky. 28 U.S.C. § 97(b). Thus, venue would be proper in the Western District of Kentucky.

While the Court has the discretion to transfer a case to the proper district rather than dismiss it, dismissal is appropriate in this case because it is unclear whether Canada intended to file suit. Further, he has not paid the filing fee for a civil action or moved to pay it in installments. Additionally, the case does not yet present statute of limitations concerns because Canada filed it shortly after the events about which he complains. Accordingly, it is hereby

**ORDERED** that this action is **DISMISSED** without prejudice, and **STRICKEN** from the Court's docket.

This 9th day of November, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge